IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. HAMPTON, JR., | No. 2:24-cv-2504-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CARRILLO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for clarification regarding filing fees. See ECF No. 7. Plaintiff's motion will be granted to the extent the Court herein clarifies the status of filing fees.

Plaintiff's claims in this case were first presented in Hampton v. Alkire, et al., 2:22-cv-1418-DMC-P (Hampton I). See ECF No. 1 in Hampton I. Plaintiff's motion for in forma pauperis status in Hampton I was granted and the Court ordered Plaintiff's institution to assess monthly installments on Plaintiff's trust account to pay the filing fees. See ECF Nos. 7 and 8 in Hampton I. On September 16, 2024, the District Judge granted Defendants' unopposed motion in Hampton I to sever claims. See ECF No. 41 in Hampton I. Pursuant to that order, the above-captioned action (Hampton II) was opened. See ECF No. 1 in Hampton II. Plaintiff was directed to resolve the fees status for Hampton II. See ECF No. 3 in Hampton II. Plaintiff then

filed a motion for in forma pauperis status, see ECF No. 6 in Hampton II, which was granted, see ECF No. 14 in Hampton II. As with Hampton I, Plaintiff's institution has been ordered to assess partial monthly installment payments on Plaintiff's trust account to pay the filing fees in full. See id.

In the pending motion for clarification, Plaintiff appears to seek an explanation as to why he has been required to, in essence, pay filing fees twice. See ECF No. 7 in Hampton II. Plaintiff's motion will be granted insofar as Plaintiff is informed that, for each separate action, he must pay the required filing fees. While Plaintiff initiated his claims in Hampton I and Hampton II with a single complaint, those claims were severed into two separate actions because claims had been misjoined. Plaintiff cannot avoid the requirement to pay filing fees for each separate action by improperly joining what should have been separately filed actions into a single pleading. To allow otherwise would result in circumvention in Congress' intent under the Prison Litigation Reform Act in imposing the filing fee requirement in prisoner actions.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for clarification, ECF No. 7, is GRANTED to the extent the Court herein explains the fee status for Hampton I and Hampton II.

**Dated: August 21, 2025**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE